WILLIAMS v MEDUKAS

Docket No. 260375. Submitted May 3, 2005, at Detroit. Decided May 24, 2005, at 9:15 a.m.

Edwin and Sandy Williams brought an action in the Montcalm Circuit Court against Robert J. Medukas, seeking damages for injuries Edwin Williams sustained in an automobile accident with the defendant. The injuries included a fractured right shoulder and a fractured left hand. Williams could not use his arms for a month, did not work for three months, and can no longer golf or demonstrate shooting to a basketball team he coaches. The court, Charles H. Miel, J., granted summary disposition for the defendant, concluding that an impairment lasting no more than three months did not meet the definition of a serious impairment of body function under the no-fault act, MCL 500.3135(7). The plaintiffs appealed.

The Court of Appeals *held*:

A person remains subject to tort liability for noneconomic loss caused by his or her ownership, maintenance, or use of a motor vehicle only if the injured person has suffered death, serious impairment of body function, or permanent serious disfigurement. MCL 500.3135(1). A serious impairment of body function is an objectively manifested impairment of an important body function that affects the person's general ability to lead his or her normal life. MCL 500.3135(7). Given Williams' participation in teaching basketball and his love of golf, which he can no longer pursue, the limitations imposed by Williams' injuries affect his general ability to lead his normal life. Consequently, and as a matter of law, Williams' injuries constitute a serious impairment of body function and the trial court erred when it granted summary disposition for the defendant.

Reversed and remanded for further proceedings.

STATUTES — NO-FAULT ACT — SERIOUS IMPAIRMENT OF BODY FUNCTION.

If a person's normal life includes sports activities and those activities are limited by objectively manifested physical injuries suffered in an automobile accident, the limitations may constitute a serious

impairment of body function for which the no-fault act allows recovery in tort form from the party who caused the injuries (MCL 500.3135).

*Fortino, Plaxton, Moskal & Costanzo, PC* (by *Anthony G. Costanzo*), for the plaintiffs.

*Strain, Murphy & Vander Wal, P.C.* (by *Joseph P. VanderVeen*), for the defendant.

Before: MURPHY, P.J., and WHITE and SMOLENSKI, JJ.

PER CURIAM. Plaintiffs appeal as of right the trial court's order granting defendant's motion for summary disposition. We reverse and remand. This appeal is being decided without oral argument pursuant to MCR 7.214(E).

Edwin Williams was involved in a motor vehicle accident with defendant. X-rays revealed that Williams sustained a fractured right shoulder and a fractured left hand. An orthopedic surgeon placed Williams' left arm in a cast and immobilized his right arm with a double sling. For one month following the accident Williams' arms were immobilized, and his wife was required to assist him with his needs, including dressing, eating, and performing hygiene functions. Thereafter, Williams could feed himself and attend to his basic hygiene needs. Approximately six weeks after the accident, the surgeon removed the immobilizer sling from Williams' right shoulder. Approximately three months after the accident, Williams returned to unrestricted work as a salesman. He also resumed coaching a middle school girls basketball team.

Plaintiffs filed suit alleging that the injuries Williams sustained in the accident constituted a serious impairment of body function. Defendant moved for summary disposition pursuant to MCR 2.116(C)(10), arguing that

Williams' injuries did not meet the threshold definition of a serious impairment of body function. The trial court granted the motion, concluding that an impairment lasting no more than three months did not meet the threshold definition of a serious impairment of body function.

This Court reviews de novo the grant or denial of summary disposition to determine if the moving party is entitled to judgment as a matter of law. *Maiden v Rozwood*, 461 Mich 109, 118; 597 NW2d 817 (1999).

> A motion under MCR 2.116(C)(10) tests the factual sufficiency of the complaint. In evaluating a motion for summary disposition brought under this subsection, a trial court considers affidavits, pleadings, depositions, admissions, and other evidence submitted by the parties, MCR 2.116(G)(5), in the light most favorable to the party opposing the motion. Where the proffered evidence fails to establish a genuine issue regarding any material fact, the moving party is entitled to judgment as a matter of law. [*Id.* at 120.]

"A person remains subject to tort liability for noneconomic loss caused by his or her ownership, maintenance, or use of a motor vehicle only if the injured person has suffered death, serious impairment of body function, or permanent serious disfigurement." MCL 500.3135(1). A serious impairment of body function is "an objectively manifested impairment of an important body function that affects the person's general ability to lead his or her normal life." MCL 500.3135(7). Whether a person has suffered a serious impairment of body function is a question of law for the court if there is no factual dispute concerning the nature and extent of the injuries, or if there is a factual dispute concerning the nature and extent of the injuries but the dispute is not material to whether the plaintiff has suffered a serious impairment of body function. MCL 500.3135(2)(a).

Determining whether a person is generally able to lead his or her normal life requires considering whether the objectively manifested impairment has affected the course of the person's life. *Kreiner v Fischer*, 471 Mich 109, 130-131; 683 NW2d 611 (2004). The court must examine how, to what extent, and for how long the plaintiff's life has been affected by the impairment. *Id.* at 131. "Specific activities should be examined with an understanding that not all activities have the same significance in a person's overall life." *Id.* The court must examine the plaintiff's life before and after the accident, and consider the significance of the affected aspects on the course of the plaintiff's life. In order to determine whether the plaintiff's general ability to lead his or her normal life has been affected by the objective impairment, the court may consider factors such as the nature and extent of the impairment, the type and length of treatment required, the duration of the impairment, the extent of any residual impairment, and the prognosis for eventual recovery. *Id.* at 132-134. An injury need not be permanent in order to be serious. *Kern v Blethen-Coluni*, 240 Mich App 333, 341; 612 NW2d 838 (2000). Furthermore, an impairment of short duration may constitute a serious impairment of body function if its effect on the plaintiff's life is extensive. *Kreiner, supra* at 134.

Here, Williams' injuries were objectively manifested by x-rays. His arms were rendered virtually useless for one month following the accident, and he was unable to feed himself or otherwise attend to his basic needs. Some three months after the accident, Williams returned to work and to his position as a coach for a middle school girls basketball team. Although Williams was able to return to these positions, he could no longer engage in activities that required him to lift his right arm above his head. Because of this, he could not

demonstrate to his students how to shoot basketball. In addition, Williams testified at his deposition that before the accident he had played golf two or three times a week. After the accident, Williams could no longer play golf or engage in activities with his grandchildren, such as playing catch. Although no evidence showed that Williams' physician restricted him from engaging in various recreational activities, and although self-imposed restrictions will not establish a residual impairment, see *Kreiner, supra* at 133 n 17, Williams' physician did indicate that Williams lacked full range of motion in his left wrist and that his right shoulder was healing in such a way that its range of motion would be permanently limited. While these limitations might not rise to the level of a serious impairment of body function for some people, in a person who regularly participates in sporting activities that require a full range of motion, these impairments may rise to the level of a serious impairment of a body function. See *Kreiner, supra* at 134 n 19. Given Williams' participation in teaching basketball and his love of golf, which he can no longer pursue, we must conclude that the limitations imposed by Williams' injuries affect his general ability to lead his normal life. Consequently, as a matter of law, Williams' injuries constitute a serious impairment of body function and the trial court erred when it granted summary disposition for defendant. MCL 500.3135(2)(a).[1]

Reversed and remanded. We do not retain jurisdiction.

---

[1] Defendant did not contest the nature and extent of Williams' injuries, but rather based his motion solely on whether the injuries identified by Williams met the threshold set by MCL 500.3135(1) and MCL 500.3135(7).