NELSON v DUBOSE

Docket Nos. 293455 and 294205. Submitted December 8, 2010, at
    Detroit. Decided February 1, 2011, at 9:20 a.m.
    Alison R. Nelson brought an action in the Oakland Circuit Court
    against Freddie Dubose, seeking damages for noneconomic loss
    caused when defendant's car struck the rear of plaintiff's car while
    plaintiff was stopped at a red light. The parties disputed whether
    the injuries plaintiff received resulted in a serious impairment of
    body function. The jury found that plaintiff had not suffered a
    serious impairment of body function, and the court, Steven N.
    Andrews, J., entered a judgment of no cause of action in favor of
    defendant and denied plaintiff's motion for judgment notwith-
    standing the verdict. Plaintiff appealed and defendant cross-
    appealed (Docket No. 293455). Plaintiff also appealed the trial
    court's order regarding costs and fees (Docket No. 294205). The
    appeals were consolidated.

    The Court of Appeals *held*:

    The jury was properly instructed that a serious impairment of
    a body function is an objectively manifested impairment of an
    important body function that affects the plaintiff's general ability
    to lead his or her normal life. Because there was a question of fact
    whether plaintiff suffered a serious impairment of a body function,
    the determination of the jury that plaintiff did not suffer a serious
    impairment of a body function was within the range of principled
    outcomes. Because reasonable jurors could have differed in their
    interpretation of the evidence, the verdict must stand. The trial
    court did not err by denying the motion for judgment notwith-
    standing the verdict.

    Affirmed.

    JANSEN, P.J., concurring, agreed with the majority that reason-
    able jurors could honestly have disagreed whether plaintiff's
    injuries rose to the level of a serious impairment of body function
    and, therefore, the trial court did not err by denying plaintiff's
    motion for judgment notwithstanding the verdict. Judge JANSEN
    wrote separately to state her belief that the jury's determination
    that plaintiff's shoulder condition did not constitute a threshold
    injury was against the great weight of the evidence. The over-

whelming weight of the evidence tended to establish that plaintiff's shoulder injury affected her general ability to lead her normal life within the meaning of MCL 500.3135(7) and therefore constituted a serious impairment of body function sufficient to satisfy the threshold of MCL 500.3135(1). Plaintiff moved for a new trial on the ground that the verdict was against the great weight of the evidence, and the trial court denied the motion. Because plaintiff did not appeal the trial court's denial of her motion for a new trial, the Court of Appeals could not review the propriety of the trial court's denial.

1. TRIAL — MOTIONS AND ORDERS — JUDGMENT NOTWITHSTANDING THE VERDICT — APPEAL.

A trial court's decision to grant a motion for judgment notwithstanding the verdict is reviewed de novo on appeal; the jury's verdict must stand if reasonable jurors could have reached different conclusions; judgment notwithstanding the verdict is only appropriate if the evidence fails to establish a claim as a matter of law.

2. TRIAL — JURY INSTRUCTIONS — APPEAL.

A trial court's decision regarding what jury instructions should be given is reviewed on appeal for an abuse of discretion; a result that falls outside the range of principled outcomes is an abuse of discretion.

*Giarmarco, Mullins & Horton, P.C.* (by *Leland Prince*), and *Richard E. Shaw* for plaintiff.

*James C. Rabaut & Associates* (by *Brian D. Wright*) and *Gross & Nemeth, P.L.C.* (by *Mary T. Nemeth*), for defendant.

Before: JANSEN, P.J., and SAWYER and O'CONNELL, JJ.

SAWYER, J. Plaintiff appeals a judgment of no cause of action entered after a jury found that plaintiff had not suffered a serious impairment of body function. We affirm.

Defendant's car rear-ended plaintiff's car while plaintiff was stopped at a red light. At the time of the accident, plaintiff believed that she was uninjured. But plaintiff later complained of shoulder, neck, and back

pain. Both parties provided medical experts to present to the jury. The jury heard the facts of the case and the differing medical opinions on plaintiff's injuries. Plaintiff argued that she suffered injuries to her neck and shoulder that caused her pain and limited her range of motion. She testified that she had undergone physical therapy and several surgeries and had been required to take off a significant amount of time from her work as a managing attorney for Ford Motor Company. But she was able to return to work, go on business trips, and participate in her different organizations and social events, although not as much as before the accident. Defendant argued that, even though plaintiff suffered an injury, there was enough evidence for a reasonable jury to find that the injury did not result in a serious impairment of body function.

MCL 500.3135(1) states that, under the no-fault insurance act, a defendant is only subject to tort liability for noneconomic loss caused by a car accident "if the injured person has suffered death, serious impairment of body function, or permanent serious disfigurement." At the time of the trial, the definition of "serious impairment of body function" focused on the injury and whether the injury affected an important body function to the point of preventing the plaintiff from leading a normal life. *Kreiner v Fischer*, 471 Mich 109, 131-132; 683 NW2d 611 (2004), overruled by *McCormick v Carrier*, 487 Mich 180, 214; 795 NW2d 517 (2010). The Court in *Kreiner* gave a nonexhaustive list of factors to use in evaluating whether the plaintiff's injuries affected the plaintiff's general ability to lead a normal life. *Kreiner*, 471 Mich at 133. After the trial in this case, the Michigan Supreme Court overruled *Kreiner* in *McCormick*. *McCormick* shifted the focus from the injuries themselves to how the injuries affected the plaintiff's body function. *McCormick*, 487 Mich at 197. This shift

eased the burden on the plaintiff to show how the impairment prevented the plaintiff from leading a normal life. Now, the plaintiff has to show that the plaintiff's ability to lead a normal life has been affected by comparing the plaintiff's life before and after the injury. *Id.* at 200, 202-203.

Plaintiff argues that the facts clearly showed that plaintiff suffered a serious impairment of a body function and, therefore, the trial court erred by denying plaintiff's motion for judgment notwithstanding the verdict (JNOV). Plaintiff argues that the case should be decided in light of *McCormick.* This Court reviews de novo the trial court's decision to grant JNOV, and, if reasonable jurors could have reached different conclusions, the jury verdict must stand. *Genna v Jackson,* 286 Mich App 413, 417; 781 NW2d 124 (2009); *Guerrero v Smith,* 280 Mich App 647, 666; 761 NW2d 723 (2008). JNOV is only appropriate if the evidence fails to establish a claim as a matter of law. *Sniecinski v Blue Cross & Blue Shield of Mich,* 469 Mich 124, 131; 666 NW2d 186 (2003); *Prime Fin Servs LLC v Vinton,* 279 Mich App 245, 255-256; 761 NW2d 694 (2008).

While the definition of "serious impairment of body function" has changed, possibly allowing more serious-impairment questions to go to a jury, the statute itself remains the same. The question whether there is a serious impairment of body function is a question of law if there is no factual dispute about the injuries, or if any factual dispute is immaterial to the question. MCL 500.3135(2)(a); *McCormick,* 487 Mich at 192-193. Here, the court determined that there was a factual dispute and sent the question to the jury. The jury heard all the evidence presented by both parties on all the injuries and returned with a verdict finding no serious impairment of body function. While the jury did not specify

which injuries it was referring to with the verdict, the jury instructions included all the injuries contested at trial. It can be assumed that the jury found that none of plaintiff's injuries caused a serious impairment of a body function.

This Court reviews a trial court's decision regarding jury instructions for an abuse of discretion. *Guerrero*, 280 Mich App at 660. The Michigan Supreme Court describes an abuse of discretion as a result that falls outside the range of principled outcomes. *People v Babcock*, 469 Mich 247, 269; 666 NW2d 231 (2003); *Maldonado v Ford Motor Co*, 476 Mich 372, 388; 719 NW2d 809 (2006). Therefore, this Court generally defers to the trial court's decision unless that decision results in an outcome that is outside the range of principled outcomes. *Maldonado*, 476 Mich at 388. Here, there were no instructional errors. The jury was instructed that a serious impairment of a body function was "an objectively manifested impairment of an important body function that affects the plaintiff's general ability to lead her normal life." The jury instructions did not include wording specific to *Kreiner*'s more stringent definition. After hearing the instructions and all the evidence, the jury returned a verdict of no serious impairment of a body function that, because it was a question of fact, was within the range of principled outcomes. As long as the jury did not hear anything prejudicial in reference to *Kreiner*, the case does not have to be retried in light of *McCormick*. When reasonable jurors could differ in their interpretation of the evidence, the verdict will stand. *Guerrero*, 280 Mich App at 666.

In sum, even in light of *McCormick*, the trial court did not err by denying JNOV.

In light of our disposition of these issues, we need not address the parties' remaining issues, which would be relevant only if we were to reverse the trial court's judgment.

Affirmed. Defendant may tax costs.

O'CONNELL, J., concurred.

JANSEN, P.J. (*concurring*). I must agree with the majority's conclusion that reasonable jurors could honestly have disagreed concerning whether plaintiff's injuries rose to the level of a "serious impairment of body function" and that the trial court therefore did not err by denying plaintiff's motion for judgment notwithstanding the verdict. *Guerrero v Smith*, 280 Mich App 647, 666; 761 NW2d 723 (2008).

I write separately because, although I cannot say with absolute certainty that plaintiff sustained a serious impairment of body function *as a matter of law*, I believe that the jury's determination that plaintiff's shoulder condition did not constitute a threshold injury was against the great weight of the evidence. The overwhelming weight of the evidence at trial established that plaintiff's shoulder injury *did* affect her "general ability to lead . . . her normal life" within the meaning of MCL 500.3135(7). After the automobile accident but before her shoulder surgery, plaintiff was unable to work as many hours as she had before the accident. This is because she was required to arrive late for work or leave work early to accommodate her physical-therapy schedule. Thereafter, following her shoulder surgery, plaintiff's arm was in a sling for several weeks.[1] Plaintiff testified that she could not use a computer as well as before the accident, that she could not sit for long periods as she had before the accident, and that her attention level had been altered because of prescription pain medication. In addition, plaintiff tes-

---

[1] Moving one's arm is an important body function. See *Williams v Medukas*, 266 Mich App 505, 506, 509; 702 NW2d 667 (2005).

tified that she was unable to participate to the same degree as before the accident in her extensive professional activities, travel, and golf. Following the accident, plaintiff also quit volunteering for her church and drastically reduced her involvement in other community activities. The uncontroverted evidence established that plaintiff's shoulder injury kept her from various activities that were important to her.

Plaintiff moved for a new trial pursuant to MCR 2.611(A)(1)(e) on the ground that the jury's verdict was against the great weight of the evidence. The trial court denied this motion, allowing the jury's verdict to stand. For the foregoing reasons, I believe that the trial court abused its discretion by denying plaintiff's motion for a new trial. *Guerrero*, 280 Mich App at 666. In my opinion, the overwhelming weight of the evidence in this case, *id.*, tended to establish that plaintiff's shoulder injury affected her "general ability to lead . . . her normal life" within the meaning of MCL 500.3135(7) and therefore constituted a "serious impairment of body function" sufficient to satisfy the threshold of MCL 500.3135(1).

The obvious problem with this is that the propriety of the trial court's ruling on plaintiff's motion for a new trial has not been presented for appellate review and is not properly before this Court. MCR 7.212(C)(5) and (7); *Ypsilanti Fire Marshal v Kircher (On Reconsideration)*, 273 Mich App 496, 553; 730 NW2d 481 (2007); *In re JS*, 231 Mich App 92, 98; 585 NW2d 326 (1998), overruled in part on other grounds by *In re Trejo Minors*, 462 Mich 341 (2000). As a consequence, I must reluctantly concur with the result reached by the majority in this case.