# STATE OF MICHIGAN

# COURT OF APPEALS

---

ELSAYED AFIFY, Individually and as Next
Friend of ABDELRAHMAN AFIFY, ABDULLA
AFIFY, and MOUSTAFA AFIFY,

      Plaintiffs-Appellants,

v

AAA INSURANCE COMPANY,

      Defendant,

and

KEITH D. CERMAK, Guardian Ad Litem for
TROY VINCENT DONAHUE, a minor,

      Defendant-Appellee.

UNPUBLISHED
February 22, 2018

No. 335780
Wayne Circuit Court
LC No. 14-010613-NI

---

Before: JANSEN, P.J., and SERVITTO and SHAPIRO, JJ.

PER CURIAM.

      Abdelrahman Afify ("Abdelrahman") and Moustafa Afify ("Moustafa"), by and through their Next Friend, Plaintiff Elsayed Afify ("Plaintiff"), appeal the trial court's order granting summary disposition in favor of defendant, Keith D. Cermak, guardian ad litem for Troy Vincent Donahue, a minor.[1] We affirm.[2]

---

[1] For purposes of this appeal, the minor defendant will be referred to as "Donahue," while his guardian ad litem will be referred as "defendant."

[2] Decisions on motions for summary disposition are reviewed de novo. *Maiden v Rozwood*, 461 Mich 109, 118; 597 NW2d 817 (1999). A MCR 2.116(C)(10) motion tests the factual sufficiency of the complaint. *Maiden*, 461 Mich at 120. The court evaluates the documentary evidence and other materials submitted by the parties in the light most favorable to the nonmovant. *Id*. Consequently, the court must draw all reasonable inferences in favor of the nonmovant. *Dextrom v Wexford Co*, 287 Mich App 406, 415-416; 789 NW2d 211 (2010). A

-1-

This is a third party auto negligence claim. On January 1, 2014, plaintiff's vehicle was involved in an accident with a vehicle driven by the minor, Troy Donahue, as it tried to proceed through an intersection. At the time of the accident, both Abdelrahman and Moustafa, who were minors, were passengers in a car driven by plaintiff. Although they did not sustain any apparent injuries at the time of the accident, Abdelrahman and Moustafa subsequently began to experience pain and physical limitations after the accident. Plaintiffs brought a complaint against Donahue, and the Court appointed defendant Cermak as guardian ad litem for Donahue. Thereafter, defendant brought a motion for partial summary disposition pursuant to MCR 2.116(10) (no genuine issue of material facts), arguing that Abdelrahman and Moustafa did not suffer serious impairments of a bodily function that affected their ability to live a normal life. The trial court agreed and granted defendant's motion. The court also denied defendant's motion for reconsideration.

Tort liability is limited under the Michigan no-fault act. *McCormick v Carrier*, 487 Mich 180, 189; 795 NW2d 517 (2010). "A person remains subject to tort liability for noneconomic loss caused by his or her ownership, maintenance, or use of a motor vehicle only if the injured person has suffered death, serious impairment of a body function, or permanent serious disfigurement." MCL 500.3135(1). Serious impairment of a body function means "an objectively manifested impairment of an important body function that affects the person's general ability to lead his or her normal life."[3] MCL 500.3135(5). To prove a serious impairment of a body function, a plaintiff must show:

> (1) an objectively manifested impairment (observable or perceivable from actual symptoms or conditions) (2) of an important body function (a body function of value, significance, or consequence to the injured person) that (3) affects the person's general ability to lead his or her normal life (influences some of the plaintiff's capacity to live in his or her normal manner of living). [*McCormick*, 487 Mich at 215.]

"However, there is no bright-line rule or checklist to follow in making that evaluation." *Chouman v Homeowners Ins Co*, 293 Mich App 434, 441; 810 NW2d 88 (2011). "Whether

---

trial court must grant the motion if it finds "no genuine issue as to any material fact" and determines that "the moving party is entitled to judgment or partial judgment as a matter of law." MCR 2.116(C)(10).

[3] Our Supreme Court provided the following guidance for determining whether a plaintiff has made a sufficient showing of a threshold injury to survive summary disposition:

> To begin with, the court should determine whether there is a factual dispute regarding the nature and extent of the person's injuries, and, if so, whether the dispute is material to determining whether the serious impairment of body function threshold is met. If there is no factual dispute, or no material factual dispute, then whether the threshold is met is a question of law for the court. [*McCormick*, 487 Mich at 215(citation omitted).]

someone has suffered a serious impairment is 'inherently fact-and circumstance-specific and [the analysis] must be conducted on a case-by-case basis.' " *Id*., quoting *McCormick*, 487 Mich at 215. Additionally, a plaintiff's impairments need not be permanent. *Id*. at 203.

For purposes of this appeal, only the third prong of the *McCormick* test is at issue, i.e., that the serious impairment affected the "person's general ability to lead his or her normal life." *McCormick*, 487 Mich at 202. According to *McCormick*,

> [T]he common understanding of to affect the person's ability to lead his or her normal life is to have an influence on some of the person's capacity to live in his or her normal manner of living. By modifying 'normal life' with 'his or her,' the Legislature indicated that this requires a subjective, person-and fact-specific inquiry that must be decided on a case-by-case basis. Determining the effect or influence that the impairment has had on a plaintiff's ability to lead a normal life necessarily requires a comparison of the plaintiff's life before and after the incident. [*Id*. at 202.]

The inquiry "necessarily requires a comparison of the plaintiff's life before and after the accident." *Id*.

Plaintiff claims that Abdelrahman's ability to lead a normal life was significantly affected based solely on the fact that he had to quit the school's wrestling team and withdraw from football after the accident. However, even with giving the benefit of doubt to plaintiff, it does not appear that there is a genuine issue of material fact whether Abdelrahman's injuries affected his general ability to lead a normal life. While there was record and deposition testimony that Abdelrahman stopped wrestling because of too much back pain, there was evidence that shortly after the accident, he continued with the school's wrestling team. Moreover, after the accident, he participated on the school's football team, began boxing in a private gym, joined the track team throwing shotput and discus, and started weight lifting classes, where he lifted weight every day, and achieved an "A" grade in wrestling.

We also conclude that Moustafa failed to produce evidence to support his claims. There was evidence that he completed the basketball season after the accident, ran track in the spring of 2014 specializing as a long distance sprinter, participated in gym activities in school without any restrictions, and began playing on the football team, playing defensive tackle, linebacker, safety, and cornerback. As for his claims that he suffered from regular headaches and exacerbated anger issues, he has failed to explain how they affected his ability to lead a normal life. Further, headaches and anger issues cannot be considered relevant impairments where there is little, if any, medical evidence establishing the accident as the cause of these infirmities. To the degree that he is asserting that the headaches and anger issues are due to a prior closed-head injury, he failed to provide any medical report or deposition testimony from "a licensed allopathic or osteopathic physician who regularly diagnoses or treats closed-head injuries" to testify about any "serious neurological injury." See MCL 500.3135(2)(a)(ii).

Given Abdelrahman's and Moustafa's young ages and active life styles, it cannot be said that their life before the accident was more active, in any material way, than it was after the accident. *Nelson v Dubose*, 291 Mich App 496, 499; 806 NW2d 333 (2011). Therefore, when

viewing the facts in the light most favorable to plaintiff, the evidence does not establish a genuine issue of material fact that Abdelrahman's and Moustafa's injuries affected their general ability to lead their normal lives after the accident.

Affirmed.

/s/ Kathleen Jansen
/s/ Deborah A. Servitto
/s/ Douglas B. Shapiro