*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

GENA KENCAID,

Plaintiff-Appellant,

v

STATE FARM MUTUAL AUTOMOBILE
COMPANY,

Defendant,

and

IAN MATTHEW NOCK and CITY OF
HUNTINGTON WOODS,

Defendants-Appellees.

UNPUBLISHED
March 11, 2025
2:03 PM

No. 367723
Oakland Circuit Court
LC No. 2022-195395-NI

Before: MURRAY, P.J., and K. F. KELLY and D. H. SAWYER*, JJ.

PER CURIAM.

In this case for excess economic and noneconomic damages, plaintiff appeals as of right from the order granting summary disposition to defendants Ian Nock and the City of Huntington Woods (the City) under MCR 2.116(C)(7), (8), and (10).[1] We reverse in part the trial court's order granting summary disposition to defendants, reverse the order denying plaintiff's motion to amend, and remand for further proceedings.

## I. BACKGROUND

This case arises from a motor vehicle accident. In November 2020, Nock, an employee in the City's Department of Public Works, was driving his leaf-collection route using a City-owned

---

[1] Defendant State Farm Mutual Automobile Company was dismissed by stipulation. Our use of the term "defendants" in this opinion refers to Nock and the City only.

---

*Former Court of Appeals judge, sitting on the Court of Appeals by assignment.

truck. As Nock attempted to make a right turn onto a neighboring street, he struck the driver's side of plaintiff's vehicle between her front and rear doors. As a result of the accident, plaintiff claimed she sustained injuries to her shoulder and back.

Plaintiff filed a complaint against defendants, alleging that Nock was liable for automobile negligence because he operated the City-owned vehicle in violation of the Michigan Vehicle Code, MCL 257.1 *et seq*., resulting in serious injuries to plaintiff. Alternatively, plaintiff asserted that Nock's negligence exacerbated any preexisting conditions that she had. Against the City, plaintiff alleged negligent entrustment, arguing that the City owed her a duty to not negligently allow its vehicles to be operated in a manner that would endanger plaintiff's "health, life, and property," in violation of the Michigan Vehicle Code. By allowing Nock to operate its vehicle when it "knew or should have known [Nock] would operate the vehicle in a careless, reckless, or incompetent manner," plaintiff contended that the City breached its duty, resulting in her injuries, loss of enjoyment of life, and medical expenses.

Defendants subsequently filed two motions for summary disposition. In their first motion, defendants moved for partial summary disposition regarding plaintiff's claim for medical expenses. In their second motion, defendants moved for dismissal of plaintiff's claims based on governmental immunity, arguing that because plaintiff's complaint made "no reference to [governmental] immunity or any exception she claims would allow her suit to proceed," and plaintiff did not previously amend her complaint despite the fact that defendants' affirmative defenses and interrogatories alerted plaintiff to the issues within her complaint, her claims should be dismissed. Even if plaintiff pleaded a motor vehicle exception to governmental immunity, defendants contended that plaintiff's claims would still fail because she could not demonstrate that she suffered a bodily injury resulting from the negligent operation of a government-owned motor vehicle. In addition, defendants argued that plaintiff's alleged sprains and strains to her lower back and shoulder were not compensable because they did not constitute a serious impairment of an important body function under MCL 691.1405 and MCL 500.3135.

In response, plaintiff argued that her claims should not be dismissed because although her complaint did "not literally include the words 'governmental immunity' or explicit reference to MCL 691.1405," the facts alleged in the complaint were "sufficient to reasonably inform Defendant[s] of the nature of the claims against [them]," and plead in avoidance of governmental immunity. In the event the trial court found plaintiff's complaint was deficient, she filed a motion to amend her complaint in order to cure any alleged deficiency. In addition, plaintiff asserted that summary disposition would be improper because there was a genuine issue of material fact whether the accident caused plaintiff's injuries. Plaintiff also asserted a cross-motion for partial summary disposition under MCR 2.116(I)(1) and (2), arguing that she was entitled to summary disposition regarding whether she sustained a serious impairment of an important body function.

Defendants replied to the response, and also responded to the motion to amend, requesting that the trial court deny plaintiff's motion because it was "made after undue delay and because Defendants' dispositive motion demonstrates that no amendment would be justified." Defendants also asserted that any amendment would be futile because plaintiff could not show that Nock negligently operated the City-owned vehicle, that she sustained a bodily injury resulting from the accident, or that she sustained a threshold injury.

Through a written opinion and order, the trial court granted defendants' motion for summary disposition, dismissed their partial motion for summary disposition as moot, and denied plaintiff's request for summary disposition and plaintiff's motion to amend her complaint as futile, finding that plaintiff failed to plead in avoidance of governmental immunity. The trial court also found plaintiff's injuries "did not result from the Accident and sprains and strains do not satisfy the 'bodily injury' element of MCL 500.3135," because plaintiff's medical records showed her injuries were caused by degenerative issues.

Plaintiff moved for reconsideration under MCR 2.119(F)(1), claiming the trial court erred by granting summary disposition to defendants because she was not required to demonstrate that she suffered a threshold injury to pursue claims for excess economic damages under MCL 500.3135(3), and there were genuine issues of material fact whether her injuries were caused by the accident, and whether plaintiff sustained a threshold injury. And because there remained questions of fact, plaintiff asserted it would not have been futile for the trial court to allow her to amend her complaint. The trial court denied plaintiff's motion, reasoning that it granted summary disposition to defendants and dismissed her motion to amend primarily because plaintiff failed to plead in avoidance of governmental immunity. And even if the court erred by "implying" plaintiff had to establish a threshold injury to pursue an excessive economic loss damage claim, the trial court concluded it could have denied her motion to amend based on futility or undue delay. This appeal followed.

## II. STANDARDS OF REVIEW

The grant or denial of summary disposition is reviewed de novo. *Glasker-Davis v Auvenshine*, 333 Mich App 222, 229; 964 NW2d 809 (2020). "The applicability of governmental immunity and the statutory exceptions to immunity" are also reviewed de novo. *Moraccini v Sterling Hts*, 296 Mich App 387, 391; 822 NW2d 799 (2012). Although the trial court did not expressly state under which subsection it decided defendants' motion, because the trial court considered evidence beyond the pleadings and resolution of this case turned on the applicability of governmental immunity to plaintiff's claims, we will review plaintiff's motion under MCR 2.116(C)(7) and (10). See *Nuculovic v Hill*, 287 Mich App 58, 62; 783 NW2d 124 (2010).

A motion for summary disposition under MCR 2.116(C)(7)

> may be raised on the ground that a claim is barred because of immunity granted by law. When reviewing a motion under MCR 2.116(C)(7), this Court must accept all well-pleaded factual allegations as true and construe them in favor of the plaintiff, unless other evidence contradicts them. If any affidavits, depositions, admissions, or other documentary evidence are submitted, the court must consider them to determine whether there is a genuine issue of material fact. If no facts are in dispute, and if reasonable minds could not differ regarding the legal effect of those facts, the question whether the claim is barred is an issue of law for the court. However, if a question of fact exists to the extent that factual development could provide a basis for recovery, dismissal is inappropriate. [*Dextrom v Wexford Co*, 287 Mich App 406, 428-429; 789 NW2d 211 (2010) (citations omitted).]

When deciding a motion under MCR 2.116(C)(10), the trial court "must consider all evidence submitted by the parties in the light most favorable to the party opposing the motion." *El-Khalil v Oakwood Healthcare, Inc*, 504 Mich 152, 160; 934 NW2d 665 (2019). If the moving party properly supports its motion for summary disposition, the "burden then shifts to the opposing party to establish that a genuine issue of disputed fact exists." *Quinto v Cross & Peters Co*, 451 Mich 358, 362; 547 NW2d 314 (1996). The trial court must only grant summary disposition under MCR 2.116(C)(10) "when there is no genuine issue of material fact," meaning that the record does not leave "open an issue upon which reasonable minds might differ." *El-Khalil*, 504 Mich at 160 (quotation marks and citation omitted).

## III. AVOIDANCE OF GOVERNMENTAL IMMUNITY

Plaintiff argues that the trial court erred by granting summary disposition to defendants because she properly pleaded in avoidance of governmental immunity.

As a general rule, a governmental agency is immune from tort liability when it is "engaged in the exercise or discharge of a governmental function." MCL 691.1407(1). There are, however, several narrowly drawn exceptions to this rule, including the motor vehicle exception. MCL 691.1405 provides, "Governmental agencies shall be liable for bodily injury and property damage resulting from the negligent operation by any officer, agent, or employee of the governmental agency, of a motor vehicle of which the governmental agency is owner . . . ." To assert such a claim, however, a party must first plead in avoidance of governmental immunity. *Mack v Detroit*, 467 Mich 186, 203; 649 NW2d 47 (2002). "A plaintiff pleads in avoidance of governmental immunity by stating a claim that fits within a statutory exception or by pleading facts that demonstrate that the alleged tort occurred during the exercise or discharge of a nongovernmental or proprietary function." *Id*. at 204. Because plaintiff conceded that she failed to plead in avoidance of governmental immunity in regards to her claim against Nock, only plaintiff's claim against the City is relevant to this appeal.

In her complaint, plaintiff did not expressly plead that she was bringing her claim under the motor vehicle exception to governmental immunity or cite to MCL 691.1405. Instead, plaintiff alleged that the City was liable under a theory of negligent entrustment. But this Court in *Regan v Washtenaw Co Bd of Co Rd Comm'rs (On Remand)*, 257 Mich App 39, 51 n 13; 667 NW2d 57 (2003), held that a claim for negligent entrustment does not fit within a statutory exception to governmental immunity. Because plaintiff's negligent entrustment claim does not fit within the motor vehicle exception to governmental immunity, we conclude that the trial court did not err by finding that plaintiff failed to plead in avoidance of governmental immunity.

Nevertheless, plaintiff did seek permission to amend her complaint, should the court conclude that it was not properly plead. We review the trial court's decision regarding plaintiff's motion to amend the pleadings for an abuse of discretion. *Sanders v Perfecting Church*, 303 Mich App 1, 8-9; 840 NW2d 401 (2013). An abuse of discretion occurs when the trial court's decision falls outside the range of reasonable and principled outcomes, or when the trial court makes an error of law. *Pioneer State Mut Ins Co v Wright*, 331 Mich App 396, 405; 952 NW2d 586 (2020).

"A trial court should freely grant leave to amend a complaint when justice so requires." *Sanders*, 303 Mich App at 9. However, a motion to amend may be denied for (1) undue delay, (2)

bad faith, (3) repeated failure to cure deficiencies by previously allowed amendments, (4) undue prejudice to the opposing party, or (5) futility. *Wolfenbarger v Wright*, 336 Mich App 1, 19; 969 NW2d 518 (2021). "An amendment is futile if, among other things, it is legally insufficient on its face." *Id*. at 21. Additionally, "[d]elay, alone, does not warrant denial of a motion to amend." *VHS of Mich, Inc, v State Farm Mut Auto Ins Co*, 337 Mich App 360, 374; 976 NW2d 109 (2021) (quotation marks and citation omitted). The trial court "must also find that the delay was the result of bad faith, or the opposing party suffered prejudice." *Id*.

> "Prejudice" within the meaning of MCR 2.118(C)(2) does not mean the opposing party might lose on the merits or might incur some additional costs; rather, it means the opposing party would suffer an inability to respond that the party would not otherwise have suffered if the affirmative defense had been validly raised earlier. [*Id*. at 374-375 (quotations marks and citations omitted).]

In its order denying plaintiff's motion for reconsideration, the trial court stated that it could have denied plaintiff's motion to amend her complaint "for undue delay as set forth in the Nock Defendants' Response." And in that response, defendants argued that plaintiff's motion to amend should be denied for undue delay because plaintiff was aware that her complaint was deficient as early as November 2022, as defendants' affirmative defenses and initial disclosures put plaintiff on notice of deficiencies within her complaint. Defendants contended that plaintiff waited nearly eight months to move to amend her complaint, after defendants had already filed their motions for summary disposition. But defendants never claimed that plaintiff's delay prejudiced them in any way or was the result of bad faith, nor did the trial court ever make such a finding. Thus, plaintiff's delay alone did not warrant denial of her motion to amend. See *VHS of Mich, Inc*, 337 Mich App at 374. And, given the facts of the accident, it would not have been futile for plaintiff to amend the complaint to properly allege a negligence claim under the motor vehicle exception. Accordingly, the trial court abused its discretion by denying plaintiff's motion to amend.

## IV. CAUSATION

Plaintiff also argues that the trial court erred by granting summary disposition to defendants because there was a genuine issue of material fact whether her injuries were caused by the underlying motor vehicle accident.[2]

A governmental agency is generally immune from tort liability when it is "engaged in the exercise or discharge of a governmental function," MCL 691.1407(1), unless an exception applies. The motor vehicle exception, MCL 691.1405, states that a governmental agency "shall be liable for bodily injury and property damage *resulting from the negligent operation* by any officer, agent,

---

[2] In their briefs filed with this Court, the parties have cited to a combined 32 unpublished opinions of this Court. Although plaintiff at least stated some minimal reason for each of her 19 citations, defendants offered no explanation for their 13 citations. Although unpublished opinions may be persuasive when the unpublished case involves similar facts or when little published authority exists that is on point, *Cox v Hartman*, 322 Mich App 292, 307-308; 911 NW2d 219 (2017), MCR 7.215(C)(1) contains conditions when citing to these opinions (unlike published opinions issued prior to November 1, 1990) so as to limit their use.

or employee of the governmental agency, of a motor vehicle of which the governmental agency is owner . . . ." (Emphasis added.) Our Supreme Court examined the meaning of the "resulting from" language in MCL 691.1405 in *Robinson v Detroit*, 462 Mich 439; 613 NW2d 307 (2000). There, the Court decided whether governmental entities could be liable for injuries to innocent passengers who were riding in cars being pursued by police but where the police vehicles did not make contact with the cars they were pursuing. *Id*. at 447-449. Because the immunity granted by MCL 691.1407 is broad and the exceptions are narrowly construed, the Court rejected an analysis based on a broader notion of "but for" or proximate cause. *Id*. at 456–457, 457 n 14. Instead, it invoked the need for more direct causation, opining that the plaintiffs "cannot satisfy the 'resulting from' language of the statute where the pursuing police vehicle did not hit the fleeing car or otherwise physically force it off the road or into another vehicle or object." *Id*. at 457.

Defendants argued, and the trial court agreed, that plaintiff could not meet the higher causation standard set forth in *Robinson* because she failed to present sufficient medical evidence showing that her injuries *resulted from* the underlying accident. But *Robinson* did not hold that medical evidence was necessary to satisfy the "resulting from" language of MCL 691.1405. Instead, *Robinson* held that the causation standard was not met because there was no evidence that the government-owned vehicle ever made physical contact with the car in which the plaintiff was injured. *Id*. at 447-449. In *Regan v Washtenaw Co Bd of Co Rd Comm'rs (On Remand)*, 257 Mich App 39; 667 NW2d 57 (2003) (*Regan II*), this Court reiterated with approval its conclusion in *Regan v Washtenaw Co Bd of Co Rd Comm'rs*, 249 Mich App 153; 641 NW2d 285 (2002) (*Regan I*), that a plaintiff had sufficiently fulfilled the "resulting from" language of MCL 691.1405 by alleging " 'a direct and physical link between the operation of' " a street sweeping tractor and the plaintiff's injuries. *Regan II*, 257 Mich App at 43, quoting *Regan I*, 249 Mich App at 162. Under this standard, plaintiff undoubtedly satisfied the "resulting from" requirement of MCL 691.1405 because she alleged that she sustained injuries as a result of the government-owned vehicle operated by Nock colliding with her vehicle.

Thus, to survive summary disposition, plaintiff was required, under MCL 691.1405, to demonstrate that Nock's alleged negligence caused her injuries. "In order to establish a prima facie negligence claim, a plaintiff must prove four elements: (1) duty, (2) breach of the duty, (3) causation, and (4) damages." *Seldon v Suburban Mobility Auth for Regional Transp*, 297 Mich App 427, 433; 824 NW2d 318 (2012). "In a negligence action, a plaintiff must establish both factual causation, i.e., the defendant's conduct in fact caused harm to the plaintiff, and legal causation, i.e., the harm caused to the plaintiff was the general kind of harm the defendant negligently risked." *Ray v Swager*, 501 Mich 52, 64; 903 NW2d 366 (2017) (quotation marks and citation omitted). "Establishing cause in fact requires the plaintiff to present *substantial evidence* from which a jury may conclude that more likely than not, but for the defendant's conduct, the plaintiff's injuries would not have occurred." *Patrick v Turkelson*, 322 Mich App 595, 617; 913 NW2d 369 (2018) (quotation marks and citation omitted, emphasis added).

> Although causation cannot be established by mere speculation, a plaintiff's evidence of causation is sufficient at the summary disposition stage to create a question of fact for the jury if it establishes a logical sequence of cause and effect, notwithstanding the existence of other plausible theories, although other plausible theories may also have evidentiary support. [*Id*. (quotation marks and citations omitted).]

"Regardless of [a] preexisting condition, recovery is allowed if the trauma caused by [an] accident triggered symptoms from that condition." *Wilkinson v Lee*, 463 Mich 388, 395; 617 NW2d 305 (2000).

On the basis of the evidence presented, we conclude that there is a genuine issue of material fact regarding causation. Although plaintiff had a brief history of lower back and left shoulder pain, there is no evidence to indicate this was ongoing immediately before or at the time of the accident. Plaintiff reported feeling intense pain in her shoulder and back on the same day of the accident, and presented herself for medical treatment shortly thereafter. Plaintiff was referred for MRIs which revealed damage to her back and shoulder, for which she had to receive physical therapy and surgical interventions. Admittedly, her provider's affidavit did not explain how *any* of plaintiff's injuries were caused by the accident. Rather, her provider issued a blanket statement that plaintiff's shoulder was injured "in the manner in which she described[.]" Moreover, the affidavit did not address plaintiff's alleged back injuries. Because an affidavit consisting of conclusory allegations that are devoid of facts is insufficient to demonstrate that there is a genuine issue of material fact, see *Quinto*, 451 Mich at 371-372, the affidavit does not create a question of fact regarding whether plaintiff's injuries were caused by the accident. However, the testimonial and medical record evidence created "a logical sequence of cause and effect" between the accident and plaintiff's injuries, *Patrick*, 322 Mich App at 617. Although defendants' experts both agreed that plaintiff's injuries were not the result of a traumatic event, this does not defeat plaintiff's claim, rather, it demonstrates that there is a factual dispute regarding causation. As a result, the trial court erred by granting summary disposition to defendants.

## V. EXCESS ECONOMIC DAMAGES

Plaintiff also contends that the trial court erred by holding that she was not entitled to proceed on her claim for excess economic damages under MCL 500.3135(3)(c), because according to plaintiff she was not required to prove that she sustained a serious impairment of an important body function in order to claim such damages.

There are different standards a plaintiff must meet when seeking third-party noneconomic damages compared to economic damages:

> MCL 500.3135(1), (2), and (3)(b) allow third-party tort actions for noneconomic damages if the death, serious impairment of body function, or permanent serious disfigurement threshold is met, while MCL 500.3135(3)(c) allows for third-party tort actions for certain kinds of economic damages, specifically [d]amages for allowable expenses, work loss, and survivor's loss . . . in excess of the daily, monthly, and 3-year limitations contained in the sections applicable to those three types of no-fault benefits. Therefore, we hold that a plaintiff may bring a third-party tort action for economic damages, such as work-loss damages, and noneconomic damages, such as pain and suffering or emotional distress damages, against a governmental entity if the requirements under MCL 500.3135 have been met. [*Hannay v Dep't of Transp*, 497 Mich 45, 76; 860 NW2d 67 (2014) (quotation marks and citations omitted).]

Additionally, while a plaintiff is required to demonstrate that she sustained either death, serious impairment of an important body function, or permanent serious disfigurement in order "to recover *noneconomic* damages in a third-party tort action against a governmental entity, . . . neither the no-fault act nor the [governmental tort liability act, MCL 691.1401 *et seq*.,] requires this for a plaintiff to recover excess *economic* damages." *Id*. at 77 n 94.[3]

Accordingly, plaintiff correctly asserts that nothing in the plain language of MCL 500.3135(3)(c) required her to prove that she sustained a serious impairment of an important body function in order to recover excess economic benefits. But plaintiff fails to acknowledge that the trial court did not make such a finding when granting summary disposition to defendants. Instead, the trial court granted summary disposition because plaintiff failed to plead an exception to governmental immunity or establish causation. In fact, in its order denying plaintiff's motion for reconsideration, the trial court expressly stated that "[e]ven if the Court erred on the law by implying Plaintiff had to establish a threshold injury to pursue an excessive economic loss damage claim," its grant of summary disposition was based on other grounds. Thus, although we agree with plaintiff's interpretation and application of the statute, there is no evidence to suggest that the trial court misapplied MCL 500.3135(3)(c) when issuing its opinion.

## VI. SERIOUS IMPAIRMENT OF AN IMPORTANT BODY FUNCTION

For her last argument, plaintiff asserts that the trial court erred by granting summary disposition to defendants because there was a genuine issue of material fact whether she sustained a serious impairment of an important body function as a result of the accident.

Governmental agencies are "liable for bodily injury and property damage resulting from the negligent operation by any officer, agent, or employee of the governmental agency, of a motor vehicle of which the governmental agency is owner . . . ." MCL 691.1405. However, the government's liability is limited by the no-fault act. *Hannay*, 497 Mich at 76. For example, a plaintiff may bring a third-party tort action for "noneconomic damages, such as pain and suffering or emotional distress damages, against a governmental entity if the requirements under MCL 500.3135 have been met." *Id*.

"A 'serious impairment of body function' is defined by MCL 500.3135[(5)] as 'an objectively manifested impairment of an important body function that affects the person's general ability to lead his or her normal life.' " *Chouman v Home Owners Ins Co*, 293 Mich App 434, 441; 810 NW2d 88 (2011), quoting MCL 500.3135(5). "Whether someone has suffered a serious impairment is inherently fact-and circumstance-specific and [the analysis] must be conducted on a case-by-case basis." *Chouman*, 293 Mich App at 441 (quotation marks and citation omitted). "Therefore, the evidence must establish (1) an objectively manifested impairment of a body function, (2) that is significant or important to the specific injured person, and (3) that affects that

---

[3] The no-fault act was amended substantially by 2019 PA 21, which became effective on June 11, 2019. The only substantive change made to the current version of the statute was the addition of language concerning "all future allowable expenses and work loss[.]" MCL 500.3135(3)(c). Thus, the holding of *Hannay* is still applicable.

specific person's general ability to lead his or her particular normal life." *Id*. "However, there is no bright-line rule or checklist to follow in making that evaluation." *Id*.

With regard to the first requirement, an objectively manifested impairment is one "that is evidenced by actual symptoms or conditions that someone other than the injured person would observe or perceive as impairing a body function." *McCormick v Carrier*, 487 Mich 180, 196; 795 NW2d 517 (2010). What is important is " 'whether the *impairment* is objectively manifested, not the *injury* or its symptoms.' " *Patrick*, 322 Mich App at 606, quoting *McCormick*, 487 Mich at 197. While mere subjective complaints of pain and suffering are insufficient to establish an impairment, evidence of a physical basis for that pain and suffering may be introduced to show that the impairment is objectively manifested. *McCormick*, 487 Mich at 198. With regard to the second requirement, the focus is on whether the body function "has great value, significance, or consequence," and the relationship of that function to the person's life must be considered. *Id*. at 199. Relevant to this case, a plaintiff's use of her back and shoulder are considered important body functions. See *Chumley v Chrysler Corp*, 156 Mich App 474, 481; 401 NW2d 879 (1986); *Williams v Medukas*, 266 Mich App 505, 508-509; 702 NW2d 667 (2005). Lastly, with regard to the third requirement, the impairment affects the person's ability to lead a normal life if it has "an influence on some of the person's capacity to live in his or her normal manner of living." *McCormick*, 487 Mich at 202. This is also a subjective inquiry that does not require a "quantitative minimum as to the percentage of a person's normal manner of living that must be affected." *Id*. at 202-203.

The record shows that two days after the accident, plaintiff presented at the emergency room complaining of back and left shoulder pain. Plaintiff's MRI of her spine showed she had disc bulges, a herniation, and annular tears. The MRI of plaintiff's left shoulder showed she had several tears, tendinosis, a mild osteophyte of her inferior glenoid, and adhesive capsulitis. Plaintiff's physical therapist observed that she had restricted range of motion in her spine and muscle weakness in her upper extremities. In March 2021, plaintiff underwent a diagnostic arthroscopy to repair three tears within her shoulder. During a follow-up visit, plaintiff's physician reported that she still had difficulty moving her shoulder and exhibited signs of new onset adhesive capsulitis. Although defendants' expert reported that plaintiff "could not have sustained an injury exceeding a soft tissue strain to the spine," reading the evidence in the light most favorable to plaintiff, there is a genuine issue of material fact whether she sustained a threshold injury. Plaintiff's medical records demonstrate that there was evidence of a physical basis for her pain. See *McCormick*, 487 Mich at 198. Additionally, plaintiff's testimony that she was unable to attend to her daily hygiene needs or drive for about 14 months after the accident is sufficient to demonstrate a question of fact as to whether her ability to lead her normal life was impaired. Accordingly, the trial court erred by finding there was no genuine issue of material fact that plaintiff sustained a threshold injury under MCL 500.3135.

The trial court's order granting defendants' motion for summary disposition is reversed in part, and affirmed in part; the order denying plaintiff's motion to amend is reversed; and the case is remanded for further proceedings. We do not retain jurisdiction.

/s/ Christopher M. Murray
/s/ Kirsten Frank Kelly
/s/ David H. Sawyer